**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2419-17T3

MARGIE THOMAS,

    Plaintiff-Appellant,

v.

ALLSTATE NEW JERSEY
INSURANCE COMPANY,

    Defendant-Respondent.

_____

Submitted November 29, 2018 – Decided December 17, 2018

Before Judges O'Connor and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-1311-16.

Singley & Gindele LLC, attorneys for appellant (Matthew J. Gindele, on the brief).

Sullivan and Graber, attorneys for respondent (James F. Sullivan and Rafael A. Llano, of counsel and on the brief).

PER CURIAM

Plaintiff Margie Thomas appeals from an order granting defendant Allstate New Jersey Insurance Company summary judgment, as well as from an order denying her motion for reconsideration of such order.[1] We affirm.

I

In 1984, plaintiff and Westley Graves commenced cohabitating in a house Graves purchased earlier that year. He obtained a homeowner's insurance policy from defendant at that time, which was renewed annually over the next thirty-one years. It is not disputed that, during this period, the policy defined an insured as the named insured and any resident of the household who was related to the named insured. Throughout this entire period the only named insured was Westley Graves. Plaintiff does not contend she was a relative of Graves.

In 1987, Graves executed an assignment in which he conveyed to plaintiff a sixty-five percent interest in the house, although only Graves's name continued to appear on the deed. In 2003, plaintiff and Graves terminated their

---

[1] The notice of appeal and the amended notice of appeal state plaintiff appeals from the order denying plaintiff's motion for reconsideration. However, the Civil Case Information Statement indicates plaintiff intended to appeal both the order granting summary judgment and the order denying reconsideration of the latter order. Under this circumstance, we may review the merits of both orders. See Fusco v. Bd. of Educ., 349 N.J. Super. 455, 461 (App. Div. 2002).

A-2419-17T3

relationship, and Graves moved out of the house. Plaintiff continued to live in the house and paid the mortgage, property taxes, and the annual premiums on the homeowner's insurance policy. She was aware her name was not on the policy, but she did not contact defendant to request she be added as an insured under the policy or obtain a policy that provided homeowner's insurance coverage to her.

On March 16, 2015, a fire destroyed the house and most of its contents. Graves submitted a claim to defendant for the loss of the real property, and plaintiff submitted a claim for the loss of her personal property and for "additional living expenses." Defendant approved Graves's claim and issued a check to him for $135,775 for the loss of the real property. Graves assigned the insurance proceeds to plaintiff in exchange for $1000.

Defendant rejected plaintiff's claim for coverage for her personal property and for additional living expenses. Plaintiff filed a complaint against defendant seeking insurance coverage under the subject policy for her claims, asserting various causes of action. At the conclusion of discovery, defendant filed a motion for summary judgment dismissal, arguing plaintiff was not entitled to coverage under the subject policy.

A-2419-17T3

The trial court agreed with defendant and dismissed the complaint, finding plaintiff was not an insured under the policy because she was neither a named insured nor a resident of the household who was related to the named insured. The court also found plaintiff failed to submit her claim within one year of the loss, as required by the policy. Plaintiff's motion for reconsideration was denied.

II

On appeal, plaintiff argues the trial court erred because it failed to reform the policy and to find she was covered for her claims under the policy. Plaintiff maintains reformation is in order because she made a mistake by assuming she was covered under the policy. She further asserts defendant's acceptance of the premium payments from her over the years constituted inequitable conduct, because defendant got the benefit of her payments without checking whether she was an insured under the policy. In support of her contention, plaintiff cites Millhurst Milling & Drying Co. v. Auto. Ins. Co., 31 N.J. Super. 424 (App. Div. 1954), in which we held that "[e]quity will reform a contract in the case of a mistake of one party, accompanied by fraud or other inequitable conduct by the other party." Id. at 433.

A-2419-17T3

We reject plaintiff's argument the policy must be reformed. First, during her deposition, plaintiff admitted that when she received the renewal policy each year, she knew her name was not on the policy. Thus, she cannot now maintain she mistakenly assumed she was covered by the policy at the time of the loss. Second, in Millhurst, we observed that reformation on the basis of mistake will not be granted when "the mistake is the result of the complaining party's own negligence." Id. at 434. Here, despite her awareness she was not an insured on the policy, plaintiff failed to contact defendant to obtain coverage. Thus, reformation on the basis of mistake is not available to her, because her failure to obtain coverage was due to her own negligence. Finally, plaintiff fails to cite, and we did not find, any authority to support her premise that defendant's acceptance of her premium payments without checking whether she was an insured under the policy was inequitable.

Plaintiff next argues defendant was unjustly enriched because it received premium payments from her even though she was not a beneficiary of the policy. This argument was not raised before the trial court, and, "[g]enerally, an appellate court will not consider issues, even constitutional ones, which were not raised below." State v. Galicia, 210 N.J. 364, 383 (2012).

A-2419-17T3

Finally, plaintiff argues her claim was not untimely submitted to defendant, because she did not receive any notice from defendant her claim had been rejected. Therefore, she contends, "the statute of limitations was tolled." However, plaintiff does not dispute she was not an insured under the policy. Further, because the policy cannot be reformed for the reasons she advances, we need not reach the question whether her claim was timely submitted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2419-17T3